IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00391-RJC
(3:12-cr-00012-RJC-1)

| | |
|---|---|
| ISAAC LAMAR BYERS, | ) |
| Petitioner, | ) |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on consideration of the Respondent's motion to stay the disposition of Petitioner's § 2255 Motion to Vacate. (3:16-cv-00391, Doc. No. 3: Motion to Stay). Petitioner does not oppose the motion.

On August 29, 2013, Petitioner was sentenced as a career offender under § 4B1.2 of the U.S. Sentencing Guidelines Manual to a term of 151-months' imprisonment. In his Motion to Vacate, Respondent contends that he no longer qualifies as a career offender because his North Carolina convictions for the manufacture of cocaine and assault with a deadly weapon inflicting serious injury no longer qualify as predicate offenses. (Id., Doc. No. 1: Motion to Vacate). In support of sentencing relief, Petitioner cites the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague in violation of due process.[1]

In the motion to stay, Respondent notes the Supreme Court has granted a petition for a

---

[1] The residual clause of the ACCA provides, in pertinent part, that a "violent felony" is a crime that "involves conduct that presents a serious risk of physical injury to another." Id. § 924(e)(2)(B)(ii).

1

writ of certiorari in <u>Beckles v. United States</u>, No. 15-8544, to consider whether the <u>Johnson</u> Court's conclusion regarding the residual clause under the ACCA should apply to the residual clause of the career offender guideline, and if so, whether <u>Johnson</u> should apply retroactively on collateral review. (Motion to Stay at 1-2).

Because resolution of the issues involved in the <u>Beckles</u> case may have a bearing on the disposition of the issues in Petitioner's case, the Court will grant Respondent's motion.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay is **GRANTED**, (Doc. No. 3), and Respondent shall have 60-days from the date the Supreme Court renders its decision in <u>Beckles v. United States</u> to file a response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED**.

Signed: September 6, 2016

Robert J. Conrad, Jr.
United States District Judge